Mathew K. Higbee, Esq.
California Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff*,
TOM SCHIRMACHER

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM SCHIRMACHER,<br><br>Plaintiff,<br><br>v.<br><br>MED-AESTHETIC SOLUTIONS, INC. d/b/a SALTMED and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. **'24CV0310 MMA MSB**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Tom Schirmacher, by and through his undersigned counsel, brings this Complaint against Defendant Med-Aesthetic Solutions, Inc. d/b/a SaltMED and DOES 1 through 10, inclusive, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement and falsification of copyright management information under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*. and 17 U.S.C. § 1202.

### PARTIES

2. Plaintiff Tom Schirmacher ("Schirmacher") is an individual and professional photographer residing in New York.

///

1

3. Upon information and belief, Defendant Med-Aesthetic Solutions, Inc. ("SaltMED") is a corporation duly organized and existing under the laws of the State of California with a place of business at 206 Birmingham Drive, Cardiff, California 92007.

4. The true names and capacities of Defendants Does 1 through 10, are presently unknown to Plaintiff, and for that reason, Plaintiff sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

5. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendant named in this caption.

**JURISDICTION AND VENUE**

6. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

7. This court has personal jurisdiction over Defendant because Defendant has a physical presence in the State of California, and/or it transacts business in the State of California.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States and Defendant or its agent resides in or can be found in this judicial district.

/ / /

/ / /

2

# FACTUAL ALLEGATIONS

### *Tom Schirmacher*

9. Tom Schirmacher ("Schirmacher") is an American photographer, director, and cinematographer.

10. Schirmacher's obsession with photography started at fifteen years old and has been his focus ever since. Today, he finds himself at the forefront of the intersection between the film world and still photography, seamlessly transitioning from one medium to the other, navigating an ever-changing media landscape.

11. After beginning his own career at twenty-five years old, Schirmacher's aesthetic became defined by simplicity, ease, and beautiful light. His work strives to create genuine and authentic moments that resonate with a viewer.

12. Schirmacher's clients include recognizable brands such as *La Mer, Origins, Gap, Fossil, Neiman Marcus, Aveda, Tommy Hilfiger, Swarovski, David Yurman, Estee Lauder, Cle De Peau*, and *Bergdorf Goodman*.

13. Schirmacher licenses his work for a fee.

14. Schirmacher's livelihood depends on receiving compensation for the photographs he produces.

15. Schirmacher is the sole author and exclusive rights holder to two photographs of a female model with grains of salt on her face: one photograph of the model with her eyes open ("Photograph 1") and one photograph of the model with her eyes closed ("Photograph 2") (collectively, the "Photographs").

16. Attached hereto as Exhibit A are true and correct copies of the Photographs.

17. Schirmacher registered the Photographs with the United States Copyright Office under Registration Number VA 2-243-948 with an effective date of March 16, 2021.

### *Defendant SaltMED*

18. Upon information and belief, SaltMED is the owner and operator of the website https://saltmed.com/ ("SaltMed Website").

3

19. According to the SaltMED website, SaltMED creates innovative and medial aesthetic treatments and solutions for patients and practitioners worldwide. *See* https://saltmed.com/about/.

20. SaltMED developed The SaltFacial® skin rejuvenation device and launched and delivered the first SaltFacial® system in January 2017 ("SaltFacial® System"). *Id.*

21. Med-Aesthetic Solutions, Inc. owns the trademark "SaltFacial" under U.S. Registration No. 6039576 ("SaltMed Trademark").

22. SaltMED maintains an Instagram account under the handle @thesaltfacial at https://www.instagram.com/thesaltfacial/ ("SaltMED Instagram Account").

23. SaltMED maintains a Facebook account at https://www.facebook.com/thesaltfacial ("SaltMED Facebook Account").

24. Collectively, the SaltMED Instagram Account and SaltMED Facebook Account will be referred to as the "SaltMED Social Media Accounts."

25. At all relevant times, the SaltMED Social Media Accounts were readily accessible to the general public throughout California, the United States, and the world.

26. Upon information and belief, SaltMED generates content on the SaltMED Website and SaltMED Social Media Accounts to attract user traffic; market and promote its products and services; and increase its customer base and revenue for the company.

27. At all relevant times, SaltMED had the ability to supervise and control all content on the SaltMED Social Media Accounts.

### *SaltMED's Unauthorized Use of the Photographs*

#### Instagram

28. On or about February 23, 2021, Schirmacher discovered Photograph 1 being used by SaltMED on the SaltMED Instagram Account in a post for the SaltFacial® System advertising "Tired of dry and dull skin? The SaltFacial® gives

4

your skin the glow you've been dreaming of by gently resurfacing your skin with natural sea salt to help remove any dead skin cells while unleashing its natural glow." ("SaltMED Instagram Post 1").

29. Photograph 1, as used in the SaltMED Instagram Post 1, included the SaltMed Trademark superimposed on the bottom left corner of Photograph 1.

30. On or about February 23, 2021, Schirmacher discovered Photograph 1 being used by SaltMED on the SaltMED Instagram Account in a post for the SaltFacial® System advertising "We ♥ Salt. For powerful, all-natural skin resurfacing, nothing else comes close." ("SaltMED Instagram Post 2").

31. Photograph 1, as used in the SaltMED Instagram Post 2, included the SaltMed Trademark superimposed on the bottom right corner of Photograph 1.

32. On or about February 23, 2021, Schirmacher discovered Photograph 1 being used by SaltMED on the SaltMED Instagram Account in a post for the SaltFacial® System advertising "The SaltFacial: Restore. Replenish. Rejuvenate." and directing its Instagram users to "Find out more this Friday, October 13th when Dr. Elmer demonstrates the SaltFacial on CBS." ("SaltMED Instagram Post 3").

33. On or about February 23, 2021, Schirmacher discovered Photograph 2 being used by SaltMED on the SaltMED Instagram Account in a post for the SaltFacial System advertising "Nothing quire compares to the power of all-natural sea salt! With The The SaltFacial®, you can release your skin's natural glow with the help of sea salt exfoliation, aesthetic ultrasound, and LED phototherapy." ("SaltMED Instagram Post 4").

34. Photograph 2, as used in the SaltMED Instagram Post 4, included the SaltMed Trademark superimposed on the bottom left corner of Photograph 2.

35. Collectively, the SaltMED Glow Instagram Post 1, SaltMED Instagram Post 2, SaltMED Instagram Post 3, and SaltMED Instagram Post 4 will be referred to as the "SaltMed Instagram Posts."

///

36. Attached as Exhibit B are true and correct screenshots of the SaltMed Instagram Posts.

### Facebook

37. On or about February 23, 2021, Schirmacher discovered Photograph 1 being used by SaltMED on the SaltMED Facebook Account in a post for the SaltFacial® System advertising "We ♥ Salt. For powerful, all-natural skin resurfacing, nothing else comes close." ("SaltMED Facebook Post 1").

38. Photograph 1, as used in the SaltMED Facebook Post 1, included the SaltMed Trademark superimposed on the bottom right corner of Photograph 1.

39. On or about October 9, 2022 Schirmacher discovered Photograph 1 being used by SaltMED on the SaltMED Facebook Account in a post for the SaltFacial® System advertising "The SaltFacial: Restore. Replenish. Rejuvenate." and directing its Instagram users to "Find out more this Friday, October 13th when Dr. Elmer demonstrates the SaltFacial on CBS." ("SaltMED Facebook Post 2").

40. On or about October 9, 2022 Schirmacher discovered Photograph 1 being used by SaltMED on the SaltMED Facebook Account in a post for the SaltFacial® System advertising "We ♥ Salt. It's kind of our thing." ("SaltMED Facebook Post 3").

41. Photograph 1, as used in the SaltMED Facebook Post 3, included the SaltMED Trademark superimposed on the bottom right corner of Photograph 1.

42. Collectively, the SaltMED Glow Facebook Post 1, SaltMED Facebook Post 2, and SaltMED Facebook Post 3 will be referred to as the "SaltMed Facebook Posts."

43. Attached as Exhibit C are true and correct screenshots of the SaltMed Facebook Posts.

44. Collectively, the SaltMed Instagram Posts and SaltMed Facebook Posts will be referred to as the SaltMed Social Media Posts.

///

45. Schirmacher does not have a record of the Photographs being licensed to Defendant nor did Schirmacher grant Defendant permission or authorization to use, make a copy of, or publicly display the Photographs on the Social Media accounts or in the SaltMed Social Media Posts with or without the SaltMED Trademark.

46. Schirmacher is informed and believes Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Photographs and caused the Photographs to be uploaded to and displayed on the SaltMed Social Media Accounts.

47. Schirmacher is informed and believes that the purpose of the use of the Photographs on the SaltMed Social Media Accounts was to provide high-quality and aesthetically pleasing content congruent with SaltMed's marketing goals.

48. Schirmacher is informed and believes that the purpose of the use of the Photographs in the SaltMed Social Media Posts was to promote and encourage sales of the SaltFacial® System by providing a high-quality, professionally-produced photograph to assist the viewer in visualizing the process created through the SaltFacial® System.

49. Schirmacher is informed and believes Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) used, displayed, published, and otherwise held out to the public Schirmacher's original and unique Photographs for commercial benefit in order to acquire a direct financial benefit, through revenue from the sales of the SaltFacial® System, from the use of the Photographs.

50. Upon information and belief, Defendant's use of the Photographs is willful because *inter alia,* Defendant knew, or should have known, it did not have permission or a legitimate license to use the Photographs on the SaltMed Social Media Accounts.

///

51. After discovering the unauthorized use of the Photographs, Schirmacher's agent and Schirmacher's counsel sent cease and desist correspondence to Defendant and communicated with Defendant's counsel from November of 2022 through July 2023 in an attempt to resolve this matter.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, *et seq.*

52. Schirmacher incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Schirmacher owns valid copyrights in the Photographs.

54. Schirmacher registered the photographs with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

55. Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Photograph and displayed Schirmacher's unique and original Photographs without Schirmacher's consent or authorization in violation of 17 U.S.C. § 501.

56. As a result of SaltMED's violations of Title 17 of the U.S. Code, Schirmacher have sustained significant injury and irreparable harm.

57. As a result of SaltMED's violations of Title 17 of the U.S. Code, Schirmacher is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b).

58. As a result of SaltMED s violation of Title 17 of the U.S. Code, the Court, in its discretion, may allow the recovery of full costs from SaltMED as part of the costs pursuant to 17 U.S.C § 505.

## SECOND CAUSE OF ACTION
## FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION
## 17 U.S.C. § 1202

59. Schirmacher incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

///

60. SaltMED (including its employees, agents, contractors or others over whom it has responsibility and control) knowingly and intentionally falsified, copyright management information related to the Photographs with the intent to induce, enable, facilitate, or conceal its infringement of the Photographs.

61. Specifically, SaltMED made unauthorized copies of the Photographs, and knowing it was not the rightful copyright owner of the Photographs, SaltMED added its own trademark, SaltFacial, to the Photographs before incorporating the Photographs in the SaltMED Social Media Posts on the SaltMED Social Media Accounts.

62. SaltMED's conduct was knowing and intentional because SaltMED knew that it was not the copyright owner of the Photographs; SaltMED knew it had not licensed the Photographs for use on the SaltMED Social Media Accounts; and SaltMED knew it did not have consent to use the Photographs for use on the SaltMED Social Media Accounts.

63. SaltMED intended to enable and conceal its infringement by using its own trademark, SaltFacial, to mislead the public to believe that SaltMED was the rightful copyright owner of the Photographs.

64. Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a).

65. As a result of SaltMED's violations of 17 U.S.C. § 1202(a), Schirmacher has sustained significant injury and irreparable harm.

66. As a result of SaltMED's violation of 17 U.S.C. § 1202(a), Schirmacher is entitled to any actual damages and profits attributable to the violation of 17 U.S.C. § 1202(a), or in the alternative, Schirmacher may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202(a).

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

**WHEREFORE**, Schirmacher prays for judgment against SaltMED as follows:

- For a finding that SaltMED infringed Schirmacher's copyright interest in Schirmacher's Photographs by copying, displaying, and distributing the Photographs without a license or consent;
- For an award of actual damages and disgorgement of all profits attributable to the infringements as provided by 17 U.S.C. §504(b) in an amount to be proven;
- For a finding that SaltMED knowingly provided false copyright management information on the Photographs with the intent to induce, enable, facilitate, or conceal infringement of the Photographs, pursuant to 17 U.S.C. § 1202(a);
- For an award of statutory damages for each violation of § 1202(a), in a sum of not less than $2,500 or more than $25,000, pursuant to 17 U.S.C. § 1203(c)(3)(B);
- For costs of litigation pursuant to 17 U.S.C. § 505 and § 1203(b)(4);
- For reasonable attorney's fees pursuant to 17 U.S.C. § 1203(b)(3);
- For pre judgment and post judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: February 16, 2024　　　　　　　　　Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
California Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
mhigbee@higbee.law
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Tom Schirmacher, hereby demands a trial by jury in the above matter.

Dated: February 16, 2024                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
California Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
mhigbee@higbee.law
*Attorney for Plaintiff*